Allen Lichtenstein
General Counsel, ACLU of Nevada
NV Bar No. 3992
3315 Russell Road, No. 222
Las Vegas, Nevada 89120
702-433-2666 - phone
702-433-9591 - fax
alichtensteinlaw@aol.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GAIL SACCO, LYLA BARTHOLOMAE, JOE SACCO, INDIVIDUALS; SOUTHERN NEVADA ADVOCATES FOR HOMELESS PEOPLE, LAS VEGAS FOOD NOT BOMBS; LAS VEGAS CATHOLIC WORKER, NONPROFITS; JOHN BROWN; AMERICAN CIVIL LIBERTIES UNION OF NEVADA; GARY PECK;<br><br>Plaintiffs<br><br>v.<br><br>CITY OF LAS VEGAS, NEVADA; LOIS TARKANIAN, STEVE WOLFSON, GARY REESE, STEVEN ROSS, LAWRENCE WEEKLY, LARRY BROWN, COUNCILMEMBERS; OSCAR GOODMAN, MAYOR; DOUGLAS SELBY, CITY MANAGER; LAS VEGAS DEPARTMENT OF LEISURE SERVICES; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, LAS VEGAS DEPUTY CITY MARSHALS,<br><br>Defendants. | COMPLAINT |

Come now the Plaintiffs, by and through the undersigned attorneys, and file this Complaint for declaratory relief stating that Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, 13.36.190, 13.36.060, 13.36.070, 13.36.160, and the policy and practice of Trespassing (or "86"ing) violate, both facially and as applied by the Defendants: freedom of speech, free exercise of religion, equal protection and due process clauses of the United States Constitution and Article 1, Section 9 of the Nevada Constitution. In addition, Plaintiffs request injunctive relief to enjoin Defendants from enforcing these provisions, and to also enjoin Defendants from imposing any further penalties on Plaintiffs regarding the aforementioned code sections. Plaintiffs also seek appropriate damages.

**I.    Introduction**

1.  Plaintiffs bring this action for declaratory, injunctive, and monetary relief pursuant to 28 USC 2201 and 42 USC 1983, requesting that this Honorable Court declare Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, 13.36.190 ("Park Reservation System"); Las Vegas Municipal Code Sections 13.36.060, 13.36.070, 13.36.160 ("Children's Only Parks"); and the policy and practice of Trespassing (or "86"ing), in violation of the First and Fourteenth Amendments to the U.S. Constitution, and Article 1, Section 9 of the Nevada Constitution, and that it enjoin their enforcement by the Defendants.

2.  Because this cause of action is involves federal constitutional claims, this Court has jurisdiction pursuant to 28 USC 1331.

3.  Venue is proper in the District of Nevada pursuant to 28 USC 1391. All parties all relevant action was and is in Clark County Nevada.

4.  Because the Defendants are not an arm of the state, this suit is not barred by the Eleventh Amendment to the U.S. Constitution. See, Eason v. Clark County School District, 303 F.3d 1137, 1145 (9th Cir. 2002); see also Culinary Workers Union v. Del Papa, 200 F.3d 614, 619 (9th Cir. 1999).

**II.    Parties**

5.  Plaintiff Gail Sacco is a Las Vegas resident and social activist who dedicates her time to advocating for, assisting, and sharing food with homeless individuals of the Las Vegas Valley. Her drive to aid the homeless stems in part from her religious conviction that food and survival are fundamental human rights. She frequently helps homeless individuals secure access to government resources. Ms. Sacco also regularly participates in political protest related to poverty, homelessness, and other social issues. She occasionally hands out literature to the homeless, and helps to inform people of their legal rights.

6.  Plaintiff Lyla Bartholomae is a Las Vegas resident and social activist who dedicates her time to advocating for, assisting, and sharing food with homeless individuals of the Las Vegas Valley, and advises them.

7.  Plaintiff Joe Sacco is a Las Vegas resident and social activist who dedicates his time

1  to advocating for, assisting, and sharing food with homeless individuals of the Las Vegas Valley.
2  Mr. Sacco also regularly participates in political protest related to poverty, homelessness, and other
3  social issues.

4        8.     Plaintiff Las Vegas Food Not Bombs is one branch of a national, non-hierarchical "all
5  volunteer" non-profit organization with "no formal leaders" that advocates protest and activity to
6  address the issues of hunger and homelessness via "sharing free vegetarian food with hungry people
7  and protesting war and poverty."

8        9.     Plaintiff Las Vegas Catholic Worker is one of over 185 Catholic Worker
9  communities. Founded in 1933, the non-profit's religious mission is "committed to nonviolence,
10 voluntary poverty, prayer, and hospitality for the homeless, exiled, hungry, and forsaken. Catholic
11 Workers continue to protest injustice, war, racism, and violence of all forms."  The Las Vegas
12 community shares hot food with the homeless and hungry four days per week; each of those
13 mornings, members "take several steaming pots of soup to a nearby parking lot and serve the
14 homeless and poor for a half hour."  The group previously shared food with the homeless in certain
15 public parks, now designated as "children only parks" but are now prohibited from continuing to do
16 so pursuant to Las Vegas City Code 13.36.060.

17      10.    Plaintiff Southern Nevada Advocates for Homeless People (SNAHP) is a group that
18 participates in research, information gathering and sharing, and advocacy for the homeless of the Las
19 Vegas Valley. SNAHP invites members to tour homeless encampments and visit groups of homeless
20 to inquire about their situation and assist with advocacy.  SNAHP also actively opposes homeless
21 'sweeps' by law enforcement, when groups of homeless individuals are rousted by law enforcement.

22      11.    John Brown is a Las Vegas resident and social activist who dedicates his time to
23 advocating for, assisting, and sharing food with homeless individuals of the Las Vegas Valley.  His
24 drive to aid the homeless stems in part from his religious conviction that food and survival are
25 fundamental human rights.  He frequently helps homeless individuals secure access to government
26 resources.  Mr. Brown  also regularly participates in political protest related to poverty,
27 homelessness, and other social issues.  He occasionally hands out literature to the homeless, and
28 helps to inform people of their legal rights.

12. Plaintiff the American Civil Liberties Union of Nevada (ACLUN), is a voluntary non-profit civil rights and civil liberties advocacy organization. The ACLUN and its members utilize the public parks to engage in First Amendment activities. The ACLUN has filed suit on behalf of itself and its members. Gary Peck is the Executive Director of the ACLUN.

13. Defendant City of Las Vegas is the political entity which oversees the Las Vegas Municipal Code, Las Vegas Department of Leisure Activity, and the Las Vegas Deputy Marshals.

14. Defendants Tarkanian, Wolfson, Reese, Ross, Weekly, Brown, and Goodman are individual voting members of the Las Vegas City Council, the political body charged with creating and enforcing Las Vegas Municipal Code.

15. Defendant Selby, the City Manager, is charged with the administration of Las Vegas city policy, including the Department of Leisure Services.

16. Defendant Las Vegas Department of Leisure Services is the political entity responsible for administering the policy of the City of Las Vegas with regards to public park space and reservations.

17. Defendants Las Vegas Metropolitan Police Department and the Las Vegas City Marshals are the two law enforcement entities changed with enforcement of the criminal provisions in the Las Vegas Municipal Code.

**II.     Procedural History**

18. In November of 2005, plaintiffs Lyla Bartholomae, Gail Sacco, Joe Sacco, and Food Not Bombs members were warned repeatedly for sharing food with the homeless at Huntridge Circle Park ["Circle Park"]. Officers told these individuals that they would soon be ticketed on orders from the Las Vegas City Attorney's office for violating the Park Reservation System. When plaintiffs enquired as to how they might lawfully continue their activities, officers informed them that so long as fewer than 25 people were at each table, they were not violating the ordinance. On February 19, 2006, officers from the Marshals and Metro came to Circle Park and ticketed Lyla Bartholomae and Gail Sacco for sharing food at the park. Although Ms. Sacco and Ms. Bartholomae were at different tables in the park (each with fewer than 25 people), and had arrived in different vehicles with different food to share, the Marshals explained that the City Attorney's office had instructed the

1  officers to ticket them nonetheless. The misdemeanor citation given to both women read that they
2  were being cited for having "25 or more people participate or witness such event without obtaining
3  a permit."

4      19. Both Ms. Sacco and Ms. Bartholomae were given tickets for misdemeanor violations
5  of Las Vegas Municipal Code Section 13.36.080. They were asked to sign their tickets, which
6  indicated a court date of March 20, 2006. In addition to receiving misdemeanor tickets, both women
7  were also verbally Trespassed, or "86"ed, from Circle Park, for six months.

8      20. This "86"ing consisted of the Marshals writing their two names into a notebook, with
9  identifying information. The Marshals informed both Ms. Sacco and Ms. Bartholomae that they
10 were "86"ed for six months, meaning that if they stepped on Circle Park's property in the next six
11 months, they would be arrested and cited for trespassing.

12     21. An Officer from the Marshals videotaped this entire incident.

13     22. In early March, Ed Poleski of the Las Vegas City Attorney's office personally
14 informed ACLU of Nevada General Counsel Allen Lichtenstein that the "86" Order had been
15 rescinded for both Ms. Sacco and Ms. Bartholomae. On March 20, 2006, Ms. Sacco and Ms.
16 Bartholomae attended a scheduled hearing on their misdemeanor complaints under Las Vegas Code
17 section 13.36.080, represented by ACLU of Nevada General Counsel Allen Lichtenstein. The
18 proceedings in the state district court were stayed pending this federal court filing, with the
19 agreement of both parties.

20 **IV    Standing**

21     23. Plaintiffs Gail Sacco, Lyla Bartholomae and John Brown have standing because they
22 have been arrested and charged for violating Las Vegas City Code 13.36.080. Plaintiffs Joe Sacco,
23 Food Not Bombs, SNAHP, Catholic Worker, and ACLUN are all advocates who use, and have used,
24 public park space for protected First Amendment speech, advocacy, and outreach. Plaintiff SNAHP
25 actively participates in outreach to the homeless, and in particular, aims to prevent homeless
26 'sweeps.' Whenever this set of circumstances occurs in a public park, there exists the possibility for
27 members and homeless individuals to exceed 25 people. Plaintiff Las Vegas Catholic Worker
28 desires to utilize the parks for sharing food with the homeless and disseminating its message as it

5

had been doing in the past. However, upon its designation as a Children's Only Park, the Catholic Worker community stopped ministering in the public parks out of fear of prosecution. Both SNAHP and Las Vegas Catholic Worker have ceased protected First Amendment activity out of fear of prosecution, and the possibility for every Plaintiff to be arrested, charged, and jailed still remains any time their activities occur in public park. Thus, the requirements for Article III standing have been met.

**V.    Facts**

24.    Las Vegas Municipal Code Section 13.36.080 reads as follows:

"Any person who desires to use any park or recreational facility of the City for a group of twenty-five individuals or more, or any person who desires to conduct some event in which it could reasonably be assumed that twenty-five or more persons might gather at a park or recreational facility of the City to participate in or witness such event, shall first apply and obtain a permit from the Director. This Section does not apply to any event which is sponsored by the Department."

25.    Las Vegas Municipal Code Section 13.36.090 reads as follows:

"The Director may deny or condition the issuance of any permit which is applied for pursuant to Section 13.36.090 in order to:
   (A) Protect the use and enjoyment of the park or facility for other members of the public;
   (B) Protect the health and safety of all persons who visit the park or facility;
   (C) Ensure that there is adequate parking and sanitary facilities to accommodate all persons who use the park or facility;
   (D) Protect the grounds, equipment, vegetation, buildings, fences and other amenities of the park or facility from damage, overuse or destruction;
   (E) Provide that the park or facility and the surrounding area is kept clean and free from debris;
   (F) Ensure that the group use does not disturb or annoy persons who occupy land which is nearby such park or facility."

26.    Las Vegas Municipal Code Section 13.36.100 reads as follows:

"Any person who is aggrieved by the failure to issue such a permit or a condition which is placed upon such a permit may appeal the same to the City Council by written request filed with the City Clerk."

27.    Las Vegas Municipal Code Section 13.36.132 reads as follows:

"'Special event' means any event or activity, including without limitation picnics, that will be held in a City park or other City facility and at which twenty-five or more persons may reasonably be anticipated to be in attendance."

28.    Las Vegas Municipal Code Section 13.36.134 reads as follows:

"No special event may be held in any City park or other City facility except in accordance with a permit that has been issued by the Department of Parks and

6

Leisure Activities and in accordance with the general park rules and regulations that govern the use of the City parks and other City facilities. An application for a permit that is required by this Section shall be filed with the Department of Parks and Leisure Activities at least fourteen working days prior to the proposed event."

29.  Las Vegas Municipal Code Section 13.36.136 reads as follows:

"No permit that is required by LVMC 13.36.134 shall be issued before the applicant therefor provides satisfactory proof that it has secured a comprehensive general liability insurance policy that names the City as an additional insured. Such policy shall be issued by an insurance company that is authorized to do business in this State and shall provide coverage that is designated for the premises on which the special event will take place and shall specify such policy limits as shall be determined by the City, based upon the type of event, the number of anticipated participants or attendees, or both, and the park or facility at which such event will take place; provided, however, that such limits shall not be less than the following:

| Property damage | $ 25,000.00 each occurrence |
|---|---|
| Bodily injury or death | 100,000.00 each person |
|  | 300,000.00 each occurrence |

30.  Las Vegas Municipal Code Section 13.36.138 reads as follows:

"Any person who is issued a permit pursuant to LVMC 13.36.134 shall pay all of the additional costs that the City incurs, in excess of those that it incurs in connection with its normal maintenance of the park or facility in which the special event is held, as the direct result of the special event for which such permit is issued, and no permit may be issued hereunder until the amount of the City's estimate of such additional costs has been paid in advance. The additional costs for which the permittee shall be responsible shall include without limitation the City's expenditures that are associated with the personnel and equipment that it uses in preparing for, supervising and cleaning up after such event. Any of such additional costs that exceeds the City's estimate thereof shall be enumerated in writing, and an invoice therefor will be forwarded to the permittee for payment."

31.  Las Vegas Municipal Code Section 13.36.190 reads as follows:

"It is unlawful for any person to make use of a park or facility when a permit is required without having been issued a permit as required by this Chapter."

32.  Las Vegas Municipal Code Section 13.36.060 reads as follows:

"That certain park of the City known as Fantasy Park, and such other parks as may hereafter be established primarily for use by small children, is hereby designated as a children's park.."

33.  Las Vegas Municipal Code Section 13.36.070 reads as follows:

"From and after April 16, 1969, no person over the age of twelve years, other than a parent, guardian or other responsible person accompanying a child of the age of

twelve years or younger, shall visit, frequent, be present in or loiter around any park which is designated in or pursuant to Section 13.36.060 as a children's park."

34. Las Vegas Municipal Code Section 13.36.160 reads as follows:

"(A) It is unlawful for any person over the age of eighteen years, unless accompanying and responsible for a child of the age of twelve years or younger, to visit, frequent, be present in or loiter around any park which is designated in or pursuant to Section 13.36.060 as a children's park.
(B) Any peace officer who finds or observes any child over the age of twelve years and under the age of eighteen years within the confines of any park which is designated in or pursuant to Section 13.36.060 as a children's park, unless such child is accompanying and is responsible for another child of the age of twelve years or younger, shall take such child to the Clark County Juvenile Hall. Such peace officer shall immediately thereafter make a full and complete report in writing in triplicate, transmitting one copy to the office of the Juvenile Probation Officer of the County and another copy of the Juvenile Judge of the Eighth Judicial District Court of the State, in and for the County."

35. The Las Vegas Metropolitan Police Department and the Las Vegas Deputy Marshals employ a Trespass system whereby officers may "Trespass" (or "86") individuals from a specific area, usually for a period of six months. Upon information or belief, this process involves writing down the names and identifying information of an individual, and/or taking the individual's photograph, and retaining that information for use by other officers in identifying that individual. If that individual, after having been "86"ed by law enforcement, returns to the geographic area within the "86" time frame, he or she can then be arrested for Trespass. There is no court oversight or due process involved in this system.

36. Plaintiffs Lyla Bartholomae, Gail Sacco, Joe Sacco, and Food Not Bombs have been frequenting Circle Park since 2004, sharing vegetarian food with homeless individuals and helping them access government services.

37. In November of 2005, plaintiffs Lyla Bartholomae, Gail Sacco, Joe Sacco, and Food Not Bombs members were warned repeatedly for sharing food with the homeless at Huntridge Circle Park ["Circle Park"].

38. Officers told these individuals that they would soon be ticketed on orders from the Las Vegas City Attorney's office for violating the Park Reservation System.

39. When plaintiffs enquired as to how they might lawfully continue their activities, officers informed them that so long as fewer than 25 people were at each table, they were not

8

1 violating the ordinance. Huntridge Circle Park is a "non-reservable" park.

2     40.    According to materials provided by the Department of Leisure Services, "reservable" is the term used to identify any park subject to permitting under Las Vegas Municipal Code Sections 13.36.080 or Section 13.36.134. According to these materials, only 14 of the City of Las Vegas's 65 public parks are available for reservation or permits.

3     41.    Plaintiffs Gail Sacco and Joe Sacco along with a representative from the ACLU of Nevada, Lee Rowland, met with member of the City of Las Vegas Neighborhood Services Department, where a representative from the City Attorney's office was also present, on February 3, 2006. When asked if an allowance could be made for those sharing food with the homeless, such as keeping each table to 25 or fewer people as Metro officers had originally suggested to plaintiffs, the City Attorney's representative responded that if they allowed plaintiffs to share food at Circle Park, then other groups would want the same exception.

42. When asked if the city would enforce the ordinance against two near-by groups of picnickers who totaled together over 25 people, the City Attorney representative answered that there would be no way to know that they were together. He said that at Circle Park, it was clear they were all "together" as part of the same event because all of the homeless were eating.

43. When ACLU enquired whether Gail and Joe might bring separate food in separate cars and keep groups below 25, the City Attorney's representative responded that there would be no way to know the groups were separate, and said the only cure would be to go at different times of the day, and plaintiffs would have to ensure that at no time were more than 25 people eating in all of Circle Park.

44. All city employees at that meeting also represented that they were under considerable pressure from neighborhood groups to stop the sharing of food at Circle Park. After that meeting, Lee Rowland of the ACLU called the Department of Leisure Services park reservation line on February 21, 2006, to enquire about the permit and reservation rules and their application. Ms. Rowland enquired whether she should get a permit for a picnic of "about 30 people" at Circle Park and the staff member on the phone responded by saying Circle Park was non-reservable, which also meant that no permits were available.

9

45. Then Ms. Rowland asked what to do if she wanted to have an event at a non-reservable park, where there might be more than 25 people. The Parks staffer responded by saying that "25-30" people was the cutoff, and that we could still use these parks, but that it was first-come, first-served.

46. Ms. Rowland asked if she might be arrested, and the Parks employee laughed, and responded that no one would ever be arrested for having, say 28 people in a non-reservable park. Then Ms. Rowland read her the language from Code saying that anyone who organized an event with more than 25 people was committing a misdemeanor. The employee then conceded that perhaps one COULD be arrested for doing what she had just described as 'first-come first-served,' and was clearly surprised by the language in the Code.

47. Plaintiffs continued sharing food, diligently keeping groups of people eating together at fewer than 25. Officers from the Marshals came by almost daily, frequently with video cameras, and counted people eating in the park.

48. Lee Rowland of the ACLU of Nevada observed these incidents several times, and noted that the officer counted everyone in the park who was eating, not those who were together at an event, conversation or table.

44. In discussing these "counts" with a Lieutenant from the Marshals, she used the same words as the representative from the City Attorney's office on February 3: "How do we know they're not together?"

49. When Ms. Rowland enquired as to why they had changed their application of the Code, the Lieutenant explained that she was operating on direct instructions from the City Attorney's office.

50. On February 19, 2006, officers from the Marshals and Metro came to Circle Park and ticketed Lyla Bartholomae and Gail Sacco for sharing food at the park. Although Ms. Sacco and Ms. Bartholomae were at different tables in the park (each with fewer than 25 people), and had arrived in different vehicles with different food to share, the Marshals explained that the City Attorney's office had instructed the officers to ticket them nonetheless. The misdemeanor citation given to both women read that they were being cited for having "25 or more people participate or witness

1  such event without obtaining a permit." Both were given misdemeanor citations for violating City
2  Code Section 13.36.080. They were asked to sign their tickets, which indicated a court date of
3  March 20, 2006.

4  51. In addition to receiving misdemeanor tickets, both women were also verbally
5  Trespassed, or "86"ed, from Circle Park, for six months. This "86"ing consisted of the Marshals
6  writing their two names into a notebook, with identifying information. The Marshals informed both
7  Ms. Sacco and Ms. Bartholomae that they were "86"ed for six months, meaning that if they stepped
8  on Circle Park's property in the next six months, they would be arrested and cited for trespassing.
9  An Officer from the Marshals videotaped this entire incident.

10  52. On May 22, 2006, John Brown was cited for feeding the homeless at Circle park
11  without a permit.

12  **VI    Causes of action**

13  **First Cause of Action**
   **(Park Reservation System)**
14  **Violation of the right of freedom of speech guaranteed**
   **by the First and Fourteenth Amendments**
15  **to the United States Constitution**

16
17  53. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

18  54. Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134,
19  13.36.136, 13.36.138, 13.36.190 ("Park Reservation System") violate the right to freedom of speech
20  as guaranteed by the First and Fourteenth Amendments to the United States Constitution, both
   facially and as applied by defendants.
21
   **Second Cause of Action**
22  **(Park Reservation System)**
   **Violation of the right of free exercise of religion guaranteed**
23  **by the First and Fourteenth Amendments**
   **to the United States Constitution**
24
25  55. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

26  56. Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134,
27  13.36.136, 13.36.138, 13.36.190 ("Park Reservation System") violate the right to freedom of religion
28  as guaranteed by the First and Fourteenth Amendments to the United States Constitution, both

facially and as applied by defendants.

**Third Cause of Action**
**(Park Reservation System)**
**Violation of the right of free assembly guaranteed**
**by the First and Fourteenth Amendments**
**to the United States Constitution**

57. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

58. Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, and 13.36.190 ("Park Reservation System") violate the right to freedom of assembly as guaranteed by the First and Fourteenth Amendments to the United States Constitution, both facially and as applied by defendants.

**Fourth Cause of Action**
**(Park Reservation System)**
**Violation of the Equal Protection Clause of**
**the Fourteenth Amendment**
**to the United States Constitution**.

59. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

60. Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, and 13.36.190 ("Park Reservation System") violate the equal protection clause of the Fourteenth Amendment to the United States Constitution, both facially and as applied by Defendants.

**Fifth Cause of Action**
**(Park Reservation System)**
**Violation of the right to due process of**
**guaranteed by the**
**to the United States Constitution.**

61. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

62. Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, and 13.36.190 ("Park Reservation System") violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, both facially and as applied by the Defendants.

**Sixth Cause of Action**

**(Park Reservation System)**
**Vagueness and overbreadth**

63. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

64. Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, and 13.36.190 ("Park Reservation System") are unconstitutionally vague and overbroad.

**Seventh Cause of Action**
**(Park Reservation System)**
**Violation of Article 1, Section 9**
**of the Nevada Constitution**

65. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

66. Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, and 13.36.190 ("Park Reservation System") violate Article I, Section 9, of the Nevada Constitution.

**Eighth Cause of Action**
**(Park Reservation System)**
**Violation of the Prohibition of Cruel**
**and Unusual Punishment**
**in the United States Constitution**

67. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

68. Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, and 13.36.190 ("Park Reservation System") violate the Cruel and Unusual Punishment prohibition in the Eighth Amendment to the United States Constitution.

**Ninth Cause of Action**
**(Children's Parks)**
**Violation of the right of freedom of speech guaranteed**
**by the First and Fourteenth Amendments**
**to the United States Constitution**

69. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

70. Las Vegas Municipal Code Sections 13.36.060, 13.36.070, and 13.36.160 ("Children's Only Parks") violate the right to freedom of speech as guaranteed by the First and Fourteenth Amendments to the United States Constitution, both facially and as applied by defendants.

**Tenth Cause of Action**
**(Children's Parks)**
**Violation of the right of free assembly guaranteed**
**by the First and Fourteenth Amendments**
**to the United States Constitution**

71. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

72. Las Vegas Municipal Code Sections 13.36.060, 13.36.070, and 13.36.160 ("Children's Only Parks") violate the right to freedom of assembly as guaranteed by the First and Fourteenth Amendments to the United States Constitution, both facially and as applied by defendants.

**Eleventh Cause of Action**
**(Children's Parks)**
**Violation of the Equal Protection Clause of**
**the Fourteenth Amendment**
**to the United States Constitution.**

73. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

74. Las Vegas Municipal Code Sections 13.36.060, 13.36.070, and 13.36.160 ("Children's Only Parks") violate the equal protection clause of the Fourteenth Amendment to the United States Constitution, both facially and as applied by Defendants.

**Twelfth Cause of Action**
**(Children's Parks)**
**Violation of the right to due process of**
**guaranteed by the**
**to the United States Constitution.**

75. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

76. Las Vegas Municipal Code Sections 13.36.060, 13.36.070, and 13.36.160 ("Children's Only Parks") violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, both facially and as applied by the Defendants.

**Thirteenth Cause of Action**
**(Children's Parks)**
**Vagueness and overbreadth**

77 Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

78. Las Vegas Municipal Code Sections 13.36.060, 13.36.070, and 13.36.160 ("Children's Only Parks") are unconstitutionally vague and overbroad.

**Fourteenth Cause of Action**
**(Children's Parks)**
**Violation of Article 1, Section 9**
**of the Nevada Constitution**

79. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

80. Las Vegas Municipal Code Sections 13.36.060, 13.36.070, and 13.36.160 ("Children's Only Parks") violate Article I, Section 9, of the Nevada Constitution.

**Fifteenth Cause of Action**
**(Children's Parks)**
**Violation of the Prohibition of Cruel**
**and Unusual Punishment**
**in the United States Constitution**

81. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

82. Las Vegas Municipal Code Sections 13.36.060, 13.36.070, and 13.36.160 ("Children's Only Parks") violate the Cruel and Unusual Punishment prohibition in the Eighth Amendment to the United States Constitution.

**Sixteenth Cause of Action**
**(Policy and Practice of "86"ing)**
**Violation of the right of freedom of speech guaranteed**
**by the First and Fourteenth Amendments**
**to the United States Constitution**

83. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

84. The policy and practice of "86"ing (or Trespassing) violates the right to freedom of speech as guaranteed by the First and Fourteenth Amendments to the United States Constitution, both facially and as applied by defendants.

**Seventeenth Cause of Action**
**(Policy and Practice of "86"ing)**
**Violation of the right of free exercise of religion guaranteed**
**by the First and Fourteenth Amendments**
**to the United States Constitution**

85. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

86. The policy and practice of "86"ing (or Trespassing) violates the right to freedom of

religion as guaranteed by the First and Fourteenth Amendments to the United States Constitution, both facially and as applied by defendants.

**Eighteenth Cause of Action**
**(Policy and Practice of "86"ing)**
**Violation of the right of free assembly guaranteed**
**by the First and Fourteenth Amendments**
**to the United States Constitution**

87. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

88. The policy and practice of "86"ing (or Trespassing) violates the right to freedom of assembly as guaranteed by the First and Fourteenth Amendments to the United States Constitution, both facially and as applied by defendants.

**Nineteenth Cause of Action**
**(Policy and Practice of "86"ing)**
**Violation of the Equal Protection Clause of**
**the Fourteenth Amendment**
**to the United States Constitution.**

89. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

90. The policy and practice of "86"ing (or Trespassing) violates the equal protection clause of the Fourteenth Amendment to the United States Constitution, both facially and as applied by Defendants.

**Twentieth Cause of Action**
**(Policy and Practice of "86"ing)**
**Violation of the right to due process of**
**guaranteed by the**
**to the United States Constitution.**

91. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

92. The policy and practice of "86"ing (or Trespassing) violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, both facially and as applied by the Defendants.

**Twenty-First Cause of Action**
**(Policy and Practice of "86"ing)**
**Violation of Article 1, Section 9**
**of the Nevada Constitution**

93. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

94. The policy and practice of "86"ing (or Trespassing) violates Article I, Section 9, of the Nevada Constitution.

**Twenty-Second Cause of Action**
**(Policy and Practice of "86"ing)**
**Violation of the Prohibition of Cruel**
**and Unusual Punishment**
**in the United States Constitution**

95. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

96. The policy and practice of "86"ing (or Trespassing) violates the Cruel and Unusual Punishment prohibition in the Eighth Amendment to the United States Constitution.

**Twenty-Third cause of action**
**Intentional infliction of emotional distress**

97. Plaintiffs reallege and incorporate by reference herein the allegations set forth above.

98. Defendants' actions have caused Plaintiffs to suffer significant emotional harm.

WHEREFORE, Plaintiffs' request this Honorable Court for the following:

a. a declaration that Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, 13.36.190, 13.36.060, 13.36.070, 13.36.160, and the policy and practice of Trespassing (or "86"ing) violate, both facially and as applied by the Defendants, the free speech clause of the First Amendment to the United States Constitution;

b. a declaration that Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, 13.36.190, 13.36.060, 13.36.070, 13.36.160, and the policy and practice of Trespassing (or "86"ing) violate, both facially and as applied by the Defendants, the free exercise of religion clause of the First Amendment to the United States Constitution;

c. a declaration that Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, 13.36.190, 13.36.060, 13.36.070, 13.36.160, and the policy and practice of Trespassing (or "86"ing) violate, both facially and as applied by the Defendants, the free assembly clause of the First Amendment to the United States Constitution;

     d.    a declaration that Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, 13.36.190, 13.36.060, 13.36.070, 13.36.160, and the policy and practice of Trespassing (or "86"ing) violate, both facially and as applied by the Defendants, the equal protection clause of the Fourteenth Amendment to the United States Constitution;

     e.    a declaration that Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, 13.36.190, 13.36.060, 13.36.070, 13.36.160, and the policy and practice of Trespassing (or "86"ing) violate, both facially and as applied by the Defendants, the right to due process of law guaranteed by Fifth and Fourteenth Amendments to the United States Constitution;

     f.    a declaration that Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, 13.36.190, 13.36.060, 13.36.070, 13.36.160, and the policy and practice of Trespassing (or "86"ing) violate, both facially and as applied by the Defendants, the prohibition of cruel and unusual punishment guaranteed by Eighth Amendment to the United States Constitution;

     g.    a declaration that Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, 13.36.190, 13.36.060, 13.36.070, 13.36.160, and the policy and practice of Trespassing (or "86"ing) violate, both facially and as applied by the Defendants, Article 1, Section 9 of the Nevada Constitution;

     h.    a declaration that Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, 13.36.190, 13.36.060, 13.36.070, 13.36.160, and the policy and practice of Trespassing (or "86"ing) are unconstitutionally vague and overbroad;

     i.    an injunction prohibiting enforcement of Las Vegas Municipal Code Sections 13.36.080, 13.36.090, 13.36.132, 13.36.134, 13.36.136, 13.36.138, 13.36.190, 13.36.060, 13.36.070, 13.36.160, and the policy and practice of Trespassing (or "86"ing);

     j.    an injunction to prohibit the Defendants from imposing any further criminal penalties against plaintiffs.

     k.    damages in an amount to be determined at the time of trial;

1     l.    reasonable costs and attorneys fees;

2     m.    any further relief the Court deems appropriate.

Dated this 12 day of June 2006:

Respectfully submitted by:

                                          /s/ Allen Lichtenstein
                                          _____
                                          Allen Lichtenstein
                                          General Counsel, ACLU of Nevada
                                          NV Bar No. 3992
                                          3315 Russell Road, No. 222
                                          Las Vegas, Nevada 89120
                                          702-433-2666 - phone
                                          702-433-9591 - fax
                                          alichtensteinlaw@aol.com

                                          Attorney for Plaintiffs